IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant-Appellant. | No. 13-10254<br><br>D.C. No. 2:08-cr-00814-DGC-1<br>District of Arizona,<br>Phoenix |

_____

*RESPONSE TO ORDER TO SHOW CAUSE WHY THE
COURT HAS JURISDICTION OVER THIS APPEAL*
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge

                                                **Daniel David Rigmaiden**
                                                Agency # 10966111
                                                CCA-CADC
                                                PO Box 6300
                                                Florence, AZ 85132

                                                *Pro Se, Defendant-Appellant*

**Table of Contents**

I. INTRODUCTION..................................................................................................1

II. FACTS................................................................................................................2

III. ARGUMENT......................................................................................................6

    A.   The district court's order conclusively determines the disputed question raised in Appellant's motion..................................................................................6

    B.   The district court's order resolves an important issue completely separate from the merits of the underlying criminal prosecution.................................................7

        1.   Appellant's motion can be construed by this Court as a motion for return of property..............................................................................................................7

        2.   Appellant's motion only requests return of out-of-scope property and is truly independent of the underlying criminal action......................................9

    C.   The district court's order is effectively unreviewable on appeal from a final judgment...............................................................................................................11

IV. CONCLUSION................................................................................................13

## Table of Citations

Andersen v. United States,
298 F.3d 804 (9th Cir. 2002)..................................................................................7

Carroll v. United States,
354 U.S. 394 (1957).................................................................................................9

Coopers & Lybrand v. Livesay, Etc.,
437 U.S. 463 (1978).................................................................................................6

DeMassa v. Nunez,
747 F.2d 1283 (9th Cir. 1984).................................................................................9

DiBella v. United States,
369 U.S. 121 (1962).........................................................................................9, 10

Freedman v. United States,
421 F.2d 1293 (9th Cir. 1970)...............................................................................11

In re 3021 6th Ave. North,
237 F.3d 1039 (9th Cir. 2001)...............................................................................10

J.B. Manning Corp. v. United States,
86 F.2d 926 (9th Cir. 1996)....................................................................................8

Midland Asphalt Corp. v. United States,
489 U.S. 794 (1989).................................................................................................6

News Co. v. United States,
690 F.2d 569 (6th Cir. 1982).................................................................................13

United States v. 4820 Heaven Ave.,
No. CV 04-06586 GHK (SSX), Dist. LEXIS 41897 (C.D.Cal., Feb. 21, 2012)................9

United States v. Celata,
334 Fed. Appx. 801 (9th Cir. 2009).....................................................................13

United States v. Collins,
No. 11-CR-00471-DLJ (PSG), Doc. #237 (N.D.Cal., Mar. 16, 2012)............................13

<u>United States v. Collins</u>,
No. 11-CR-00471-DLJ (PSG), Doc. #328 (N.D.Cal., Aug. 27, 2012)..............................13

<u>United States v. Freedman</u>,
444 F.2d 1387 (9th Cir. 1971)...........................................................................................11

<u>United States v. Fu-Tain Lu</u>,
No. CR-09-00341 RMW, Doc. No. 112 (N.D.Cal., Sept. 16, 2010).................................13

<u>United States v. Griffin</u>,
617 F.2d 1342 (9th Cir. 1980).....................................................................................7, 13

<u>United States v. Kaczynski</u>,
416 F.3d 971 (9th Cir. 2005)............................................................................................13

<u>United States v. Ryan</u>,
402 U.S. 530 (1971)..........................................................................................................11

<u>Vonder Ahe v. Howland</u>,
402 U.S. 530 (1971)..........................................................................................................11

<u>Federal Rules Criminal Procedure</u>,
Rule 41....................................................................................................................1, 7, 9

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff-Appellee,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>　　Defendant-Appellant. | No. 13-10254<br><br>D.C. No. 2:08-cr-00814-DGC-1<br>District of Arizona,<br>Phoenix |

I.　　**INTRODUCTION**

Appellant, Daniel David Rigmaiden, *pro se* with shadow counsel, Philip Seplow, as e-filer, respectfully submits *Response To Order To Show Cause Why The Court Has Jurisdiction Over This Appeal*.  On May 16, 2013, the Court issued an order stating that it may lack jurisdiction because the district court's order addressing D.C.-Dkt. #847 may not be final or otherwise appealable.  The Court permitted Appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.

In this response, Appellant explains how the motion subject to this appeal can be construed by the Court as a motion for return of property under Fed. R.

- 1 -

Crim. P., Rule 41, with said motion and property being truly severable and untied from any pending criminal prosecution or investigation. Appellant further explains how the government's indefinite retention of personal, private, and privileged out-of-scope data is causing an ongoing deprivation of Appellant's Fourth Amendment right to privacy which will be effectively unreviewable on appeal from a final judgment. Under the circumference, Ninth Circuit case law permits the Court to exercise jurisdiction over this appeal.

II.     **FACTS**

On August 3-4, 2008, the government used two warrants to physically seize various digital data storage devices belonging to Appellant. The majority of the devices were kept at Appellant's home while one device was kept at Appellant's storage unit. The data storage devices contain Appellant's personal, private, and privileged data. The warrants executed by the government expressly incorporate the "Computer Search Protocol For The Northern District Of California." *See* EXHIBIT 01. Among other terms not relevant here, the warrants required the government to (1) seize/isolate all in-scope data from out-of-scope data no later than 30 days after the physical seizure of the devices, and (2) delete/destroy all out-of-scope data and copies of out-of-scope data no later than 90 days after the physical seizure of the devices. A federal agent involved in the search, *i.e.*, IRS-CI

Agent Tracy L. Daun, completed the data seizure/isolation process 401 days after the physical seizure of the devices. IRS-CI Agent Daun completed this process by (1) making mirror images of each seized data storage device, (2) searching the mirror images by viewing each file using her human eyes, and (3) saving isolated in-scope files to a series of DVDs and a CD. The DVDs and the CD became the digital evidence seized under the warrants.

    The government provided Appellant with copies of his seized data storage devices which included copies of both in-scope and out-of-scope data. However, the government failed to comply with the warrants' terms requiring that all out-of-scope data in its possession be deleted/destroyed. The government failed to comply with the noted terms within the first 90 days of the physical seizure and the government failed to comply with the noted terms after in-scope data was isolated/seized 401 days later. The government has articulated no reason as to why it needs to retain out-of-scope data and it has made no requests to the issuing magistrates for permission to retain out-of-scope data. No extensions of time for *any* of the warrants' deadlines were sought from the issuing magistrates. The government has been in possession of Appellant's private out-of-scope data for nearly **5 years** with no conditions in place limiting indiscriminate review of that data. While the digital search process is complete, the government has not declared that it has no right to view the mirror images which contain mostly out-of-scope data.

In the district court, Appellant filed *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #847) and later supplemented the motion with *First Supplement To Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #1013). The district court denied Appellant's motion via a May 8, 2013 order at D.C.-Dkt. #1009. In denying the motion, the district court made findings indicating that the property at issue (*i.e.*, out-of-scope data) is entirely untied from the underlying criminal prosecution: *(1)* the in-scope, but not out-of-scope, "[m]aterial found by the government on Defendant's computer relates directly to the alleged tax-refund fraud[]" charged in the indictment,[1] *(2)* "the government has not charged Defendant with new violations of law as a result of the search of his computer and storage devices[,]"[2] *(3)* "the government represents that results of the search [of the data storage devices] related only to the charged offenses and were not shared with agents or agencies outside the prosecution in this case[,]"[3] *(4)* "[t]his is not a case where the government engaged in a wide-ranging search for

---

1. D.C.-Dkt. #1009, p. 46.
2. *Id*.
3. D.C.-Dkt. #1009, p. 50.

any possible kind of criminal activity[,]"[4] and *(5)* "the government has continued to search copies of the devices that contained relevant information [(*i.e.*, devices that contain in-scope and out-of-scope data)]... after the 30-day [search] period specified in the protocol."[5]

    The government has also made clear that *(1)* the seized digital data storage devices "actually contain many more files than those that fall within the parameters of the Search Warrant and its attachments[,]"[6] and *(2)* "[t]he ongoing examination [of drives containing in-scope and out-of-scope data] has not resulted in: (1) any charges against defendant that do not relate to conduct or offenses set forth in the subject search warrants; or (2) any charges against defendant by any other jurisdiction[,]"[7] and *(3)* "[n]one of the subject computer searches have resulted in defendant, or any of his associates, being charged by any other jurisdiction or in any other case."[8]

---

4.    D.C.-Dkt. #1009, p. 46.

5.    D.C.-Dkt. #1009, p. 38.

6.    D.C.-Dkt. #863-1, p. 36 ("Computer Forensic Report" by IRS-CI Agent Daun RE: search of data storage devices seized from Appellant's home and storage unit).

7.    D.C.-Dkt. #986, p. 4.

8.    D.C.-Dkt. #935, p. 4.

## III. ARGUMENT

In general, "[t]o fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (*quoting* Coopers & Lybrand v. Livesay, Etc., 437 U.S. 463, 468 (1978)).  Below, Appellant explains how the district court's order meets the conditions quoted above.

### A. The district court's order conclusively determines the disputed question raised in Appellant's motion.

In the district court, Appellant filed *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #847) and later supplemented the motion with *First Supplement To Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #1013).  Appellant requested that the district court order the government to delete/destroy all out-of-scope data and copies of out-of-scope data as required by the relevant warrants.  The district court denied Appellant's motion via its May 8, 2013 order at D.C.-Dkt. #1009.

- 6 -

From this Court, Appellant seeks the same relief sought in his motion denied by the district court. While Appellant recently requested reconsideration of some issues addressed by the district court at D.C.-Dkt. #1009, Appellant did not request reconsideration of the motion at issue in this appeal. Therefore, the motion has received "a complete and final determination of the issue in the district court." United States v. Griffin, 617 F.2d 1342, 1344 (9th Cir. 1980).

> **B. The district court's order resolves an important issue completely separate from the merits of the underlying criminal prosecution.**
>
> **1. Appellant's motion can be construed by this Court as a motion for return of property.**

While not captioned as such, the motion denied by the district court can be construed by this Court as a motion for return of property under Rule 41, Fed. R. Crim. P. *See* Andersen v. United States, 298 F.3d 804, 807 (9th Cir. 2002) (While not captioned as such, "[b]ecause Plaintiffs sought the relief provided by Rule 41(e) [(now Rule 41(g))], we construe their motion as one properly brought under that rule."). As noted in the Facts, Section II, *supra*, the government has no need for the out-of-scope data and has already isolated and copied for itself in-scope data necessary for the underlying criminal investigation and prosecution. The government has also provided Appellant with copies of all seized data – both in-scope and out-of-scope. Therefore, Appellant's motion only seeks to prevent the

- 7 -

government's continual possession of original out-of-scope data and copies of out-of-scope data. The relief requested by Appellant is nearly identical to the relief requested in the motion for return of property addressed by this Court in *J.B. Manning Corp.*:

> Manning seeks return of documents. The record indicates that the government informed the Mannings' attorney that the Mannings can have copies of documents essential to her business. That is insufficient. Unless it is unreasonable to do so, the government should return all original documents to the Mannings, while copying for itself documents necessary for investigation or prosecution.
>
> J.B. Manning Corp. v. United States, 86 F.2d 926, 928 (9th Cir. 1996).

Just like in *J.B. Manning Corp.*, the government agreed to provide copies of out-of-scope material to Appellant and there is no challenge to the government "copying for itself [][data] necessary for investigation or prosecution." *Id*. The only difference when comparing *J.B. Manning Corp.* to the present case is that Appellant wants the government to delete/destroy the originals and copies of out-of-scope data in its possession rather than return them. However, the government could also return all out-of-scope data which would allow Appellant to destroy the data on his own. In sum, the motion subject to this appeal is easily addressed by this Court if construed as a motion for return of property with said property being the originals and copies of out-of-scope data currently in the government's

possession.[9]

### 2. Appellant's motion only requests return of out-of-scope property and is truly independent of the underlying criminal action.

Because Appellant's motion for return of property is truly independent of the underlying criminal action, the Court has jurisdiction over this appeal. In making this determination, "courts look to the twin tests of *DiBella*, *i.e.*, whether the motion is solely for return of property and whether the motion is in no way tied to a criminal prosecution against movant." DeMassa v. Nunez, 747 F.2d 1283, 1286 (9th Cir. 1984) (*referencing* DiBella v. United States, 369 U.S. 121 (1962)).

First, as explained in the subsection immediately above, Appellant's motion is solely for the return of out-of-scope property.[10] Appellant's motion does not

---

9. Rule 41(g) states that a motion for return of property "must be filed in the district where the property was seized." *Id*. The out-of-scope data at issue was seized in the Northern District of California but Appellant filed his motion in the District of Arizona. Nevertheless, the trial court in the District of Arizona exercised jurisdiction over Appellant's motion. Notwithstanding Rule 41(g), courts in districts other than where the property was seized may exercise jurisdiction over motions for return of property. In *4820 Heaven Ave.*, the Central District of California reached the merits of a motion for return of property even while the seizure occurred "within the jurisdiction boundaries of the Northern District of California[,]" and "the Northern District of California [wa]s the proper district for Claimant's Motion for Return of Property." United States v. 4820 Heaven Ave. v., No. CV 04-06586 GHK (SSX), Dist. LEXIS 41897, fn. 1 (C.D.Cal., Feb. 21, 2012).

10. "[U]nder certain conditions orders for the... return of illegally seized property are appealable at once,... perhaps where the emphasis is on the return of property rather than its suppression as evidence." Carroll v. United States, 354

seek suppression of evidence considering out-of-scope property is, by definition, anything but evidence. Appellant's other motions addressed in the district court's order, which are not subject to this appeal, address suppression of in-scope evidence.

Second, although the motion at issue originated in a criminal *proceeding*, it is still in no way tied to the *prosecution* related that proceeding or tied to any prosecution in any proceeding.[11] As explained in the Facts, Section II, *supra*, the district court and government went to great efforts to untie the out-of-scope data from all prosecutions and investigations spanning all jurisdictions. Therefore, Appellant's motion for return of out-of-scope property is "fairly severable from the context of a larger litigious process, an[d] [the] order denying the requested relief is immediately appealable." *Id*. Given the district court's findings and the government's position on the issue, this is not a case where this Court exercising jurisdiction "might have a legally preclusive and otherwise disruptive effect on the criminal trial below." In re 3021 6th Ave. North, 237 F.3d 1039, 1041 (9th Cir. 2001). Rather, just as was reasoned in *Freedman*, Appellant seeks return of property "which, per se, has no perceivable relation to the indictment under which

---

U.S. 394, 403-04 (1957) (footnote omitted).

11.   The *DiBella* court made clear that the property must be "in no way tied to a criminal *prosecution*[,]" 369 U.S. at 131 (emphasis added), and not in no way tied to a criminal *proceeding*.

- 10 -

[][Appellant] was arrested." Freedman v. United States, 421 F.2d 1293, 1295 (9th Cir. 1970).[12] In the present case, the district court record is clear that the government is not using the out-of-scope data to prosecute or investigate anyone. In sum, there is no reason why this Court cannot exercise jurisdiction and consider granting relief similar to the relief granted in *Vonder Ah*e:

> [J]ustice can best be achieved by reversing the order of the District Court..., directing the District Court to [][order return of out-of-scope property] except as to the [][in-scope evidence], copies of which the government may retain and use subject, however, to any and all objections thereto... in any proceeding, civil or criminal, which may be raised by the Vonder Ahes.
> 
> Vonder Ahe v. Howland, 508 F.2d 364, 372 (9th Cir. 1974).

### C. The district court's order is effectively unreviewable on appeal from a final judgment.

After final judgment, Appellant will have no procedural avenue to challenge the government's indefinite possession of his personal, private, and privileged out-of-scope data.[13] If Appellant is acquitted, there will be no need for him to file an appeal and thus no opportunity to even request, let alone be granted, review of the

---

12. "In the hearing on the remand from the previous [Freedman] appeal, the government agreed to a return of all of the properties, with the exception of the [] [in-scope evidence] which it considered relevant as evidence in the criminal case." United States v. Freedman, 444 F.2d 1387, 1388 (9th Cir. 1971).

13. "Denial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." United States v. Ryan, 402 U.S. 530, 533 (1971).

district court's order.  If Appellant is found guilty and does appeal, there will be no grounds for this Court to grant review of the herein described issue considering the government's retention of out-of-scope data has not prejudiced Appellant's defense. Any chance of prejudice was eliminated after the government agreed to not use any out-of-scope data as evidence against Appellant.  Furthermore, regardless of whether Appellant is acquitted or convicted, he will be unable to later file a motion for return of out-of-scope data in either the District of Arizona or Northern District of California.  The motion subject to this appeal is, effectively, his motion for return of property.  Therefore, Appellant's effective motion for return of property was already filed in the District of Arizona and denied by that court.  Appellant cannot later take a second bite at the apple.

Even if Appellant could somehow secure review of the district court's order after final judgment, or file the same motion again but framed as an independent suit, it will do nothing to stop the perpetual violation of Appellant's Fourth Amendment right to privacy occurring right now.  As explained in the Facts, Section II, *supra*, the district court found that the government has continued to search copies of the seized storage devices (containing both in-scope and out-of-scope data) in violation of the 30-day and 90-day time limits contained in the relevant warrants.  For nearly **5 years**, the government has had possession of out-of-scope data it candidly admits it has no need for while at the same time refusing

to declare that it has no right to view.[14] Because there is an ongoing privacy violation,[15] "the rights involved in the decision would be lost, probably irreparably, if appellate review was postponed until final judgment." Griffin, 1342 F.2d at 1344 (citation and internal quotation marks omitted).

### IV. CONCLUSION

For the reasons stated herein, Appellant respectfully requests that the Court exercise jurisdiction over this appeal. Plaintiff-Appellee, United States of America, informed Appellant that it objects to the Court exercising jurisdiction over this appeal.

---

14. *Compare* United States v. Collins, No. 11-CR-00471-DLJ (PSG), Doc. #328, p. 9-10 (N.D.Cal., Aug. 27, 2012) (government recognized that it has no right to view original data storage devices after forensic examination was complete and court ordered government to not view mirror images).

15. *See* United States v. Fu-Tain Lu, No. CR-09-00341 RMW, Doc. No. 112, p. 4 (N.D.Cal., Sept. 16, 2010) ("The government... should not be retaining images of files or documents that, in large part, do not contain information within the scope of the warrant."); United States v. Collins, No. 11-CR-00471-DLJ (PSG), Doc. #237, p. 12 (N.D.Cal., Mar. 16, 2012) ("[E]ven if the law ultimately permits the forfeiture of a given device..., the law does not permit the retention of data on that device that has not been shown or even alleged to have been an 'instrumentality' of the alleged crimes."); United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005) ("A defendant is indeed presumed to have a right to the return of his property once the property is no longer needed as evidence[.]"); News Co. v. United States, 690 F.2d 569, 577-78 (6th Cir. 1982) ("The government may not keep the copies purely for the sake of keeping them[.]" (*cited with approval in Kaczynski*)); United States v. Celata, 334 Fed. Appx. 801 (9th Cir. 2009) ("The government may not retain Celata's property indefinitely while pursuing an open-ended investigation.").

Respectfully Submitted: June 5, 2013

| | |
|---|---|
| DANIEL DAVID RIGMAIDEN, Pro Se Appellant: | PHILIP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Appellant: |
| s/ Daniel Rigmaiden<br>Daniel Rigmaiden | s/ Philip Seplow<br>Philip Seplow<br>Shadow Counsel for Defendant in Trial Court. |

- 14 -

CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on June 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

(1) AUSA Frederick A. Battista

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

(1) Daniel David Rigmaiden

> PHILIP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Appellant:
>
> s/ Philip Seplow
> Philip Seplow
> Shadow Counsel for Defendant in Trial Court.