UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 13-10254 |
| Plaintiff-Appellee, | D.Ct. No. CR-08-00814-PHX-DGC |
| v. | **GOVERNMENT'S RESPONSE PERMITTED BY COURT ORDER TO SHOW CAUSE** |
| DANIEL DAVID RIGMAIDEN, | |
| Defendant-Appellant. | |

Appellee, United States of America, by and through its undersigned attorneys, opposes Defendant's request for this Court to accept jurisdiction over his appeal. Defendant seeks review of a portion of the district court's order denying his motion to suppress. In essence, he wants this Court to overturn the district court's decision and order the United States to delete data it obtained from his computers, which were seized pursuant to valid search warrants as instrumentalities and evidence of his criminal activity. And he wants this Court to do so while he awaits trial on the charges.

His appeal should be rejected. As argued below, the district court's order denying his motion to suppress is not an appealable final judgment. Accordingly, the Court should decline jurisdiction at this stage.

# I.    Statement of Facts.

Defendant is awaiting trial on 74 felony counts—including conspiracy, wire and mail fraud, and aggravated identity theft—arising out of a tax fraud scheme. (CR 200.) In a nutshell, Defendant electronically filed hundreds of false tax returns using other taxpayers' identities, and then laundered the proceeds of the scheme through bank accounts set up by co-conspirators. (*See id.* at ¶ 1.) On August 3, 2008, law enforcement executed a search warrant on Defendant's apartment in California, authorizing the seizure of physical and digital evidence of the crime.

Attachment C of the search warrant consists of a "Computer Search Protocol For The Northern District Of California," which details the procedures that the United States would follow for computer evidence. The protocol requires, among other things, that the United States file a return within 10 days identifying the devices seized from the apartment. (*See* Def't Resp. at Ex. 01 at 2 ¶ 4.) The protocol also requires the United States to complete an off-site search of the seized devices within 30 days, and within the following 60 days the United States must return any devices that do not contain contraband or evidence of crime. (*See id.* at 2 ¶ 5.) Finally, the protocol states that the United States "must use reasonable efforts" to delete non-responsive material within the next 60 days (i.e., within 120 days of executing the warrant):

> Within a reasonable period, not to exceed sixty calendar days after
> completing the authorized search of a device, the government also

2

must use reasonable efforts to destroy—and to delete from any devices or storage media or copies that it has retained or made—copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime. The deadlines set forth in this paragraph may be extended by court order for good cause shown.

(*Id.* at 2-3 ¶ 5.)

Defendant filed a 355-page motion to suppress and numerous related motions, supplements, and other filings challenging the manner in which law enforcement located him as well as the searches of his apartment and storage unit pursuant to search warrants. (CR 824-1). In particular, Defendant argued that the district court should suppress evidence obtained from his computers based on the United States' alleged violations of the search warrant protocol. (CR 830-1 at 7-8.) On May 8, 2012, the district court rejected these arguments in its Order denying Defendant's motion to suppress. (CR 1009 at 36-46.)

## II. Law and Argument.

This Court's jurisdiction is generally limited to reviewing final orders of a district court. *See United States v. Beltran Valdez*, 663 F.3d 1056, 1057 (9th Cir. 2011); 28 U.S.C. § 1291. "In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984). In addition to being a statutory requirement, "[t]he final judgment rule serves several important interests," such as "preserv[ing]

the respect due trial judges by minimizing appellate-court interference" and "reduc[ing] the ability of litigants to harass opponents and to clog the courts" through endless litigation. *Id.* at 264; *see also DiBella v. United States*, 369 U.S. 121, 124 (1962) (stating that final judgment rule "discourage[s] undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases").

"The importance of the final judgment rule has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all.'" *Flanagan*, 465 U.S. at 265. This limited exception, known as the collateral-order doctrine, permits jurisdiction over matters that cannot and need not wait until the case is adjudicated in full:

> The collateral order doctrine . . . permits appellate review of those decisions which are "'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " In order to qualify for review under [the collateral order doctrine], an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." All three elements must be satisfied.

*Beltran*, 663 F.3d at 1057-58 (citations omitted) (holding that collateral-order doctrine does not grant jurisdiction over district court's denial of appointment of replacement counsel); *see also Mohawk Industries Inc. v. Carpenter*, 558 U.S. 100, 109 (2009) (reversing circuit court and holding that collateral-order doctrine does

not grant jurisdiction over district court's order requiring party to disclose confidential attorney-client communications).

Defendant attempts to shoehorn his appeal into the confines of the collateral-order doctrine by arguing that the relief he seeks is analogous to the return of property under Federal Rule of Criminal Procedure 41(g), and that the Court should exercise jurisdiction as it did in *J.B. Manning Corp. v. United States*, 86 F.3d 926 (9th Cir. 1996). In *J.B. Manning*, U.S. Customs Service agents executed an invalid warrant on a corporation, and the Court granted the corporation's motion for return of the seized property. *See* 86 F.3d at 927. There were no criminal charges pending at the time, and the Court noted that the return of property would not affect any future trial because "[t]he court can order the government to return property to the owner, and yet still permit the government to introduce the property—or copies of it, in the case of documents—at trial." *See* 86 F.3d at 927. The opinion contains no discussion of the final judgment rule or the collateral-order doctrine.

Here, Defendant's circumstances are completely different. Defendant seeks review of the district court's pretrial order in his pending criminal case, in which the district court found that the search warrant was valid and that suppression of evidence was not warranted despite the alleged violations of the search warrant protocol. And unlike the appellant in *J.B. Manning*, Defendant does not actually

5

want any of his property back. Instead, he simply wants to make sure that the United States *does not* have it to use at trial. (*See* Def't Resp. at 7-8 ("The government has also provided Appellant with copies of all seized data—both in-scope and out-of-scope. Therefore, Appellant's motion only seeks to prevent the government's continual possession of original out-of-scope data and copies of out-of-scope data.").) Defendant's return-of-property analogy is merely a fig leaf to disguise what he really wants—interlocutory review of the district court's order denying suppression of evidence.

This Court's precedent is clear: a pretrial order denying a motion to suppress is not an appealable final judgment. *DiBella*, 369 U.S. at 131-32; *Cogen v. United States*, 278 U.S. 221, 228 (1929); *United States v. Renzi*, 651 F.3d 1012, 1019 (9th Cir. 2011); *DeMassa v. Nunez*, 747 F.2d 1283, 1286 (9th Cir. 1984) ("interlocutory appeals of suppression orders are not generally appealable"); *Guam v. Mafnas*, 721 F.2d 683, 685 (9th Cir. 1983) ("As a general rule, an order by a district court denying or granting a motion to suppress is not an appealable final order under Section 1291."). Even if the caselaw were equivocal, Defendant satisfies none of the requirements of the collateral-order doctrine. Trial issues such as admissibility of evidence found on the seized computers have not yet been "conclusively determine[d]," and deletion of data from the computers at this stage could affect the United States' ability to lay the appropriate evidentiary foundation. It cannot be

seriously claimed that admissibility of trial evidence is "completely separate from the merits" of the pending criminal charges. And if Defendant is convicted at trial, he can seek appellate review of the district court's evidentiary rulings and pretrial denial of his motion to suppress after final judgment by the district court.

## III. Conclusion.

As argued above, the district court's order denying Defendant's motion to suppress is not an appealable final judgment. Accordingly, the Court should decline jurisdiction at this stage.

Respectfully submitted this 6th day of September, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

MARK S. KOKANOVICH
Deputy Appellate Chief

*s/ James R. Knapp*
JAMES R. KNAPP
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500

Attorneys for Appellee

CERTIFICATE OF SERVICE

I hereby certify that on 6th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in this case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Daniel David Rigmaiden
Agency No. 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

s/ James R. Knapp
JAMES R. KNAPP
Assistant U.S. Attorney

8