IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant-Appellant. | No. 13-10254<br><br>D.C. No. 2:08-cr-00814-DGC-1<br>District of Arizona,<br>Phoenix |

_____

*PETITION FOR REHEARING EN BANC IN CONJUNCTION WITH PETITION FOR PANEL REHEARING*
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

The Honorable David G. Campbell
United States District Judge


                      Daniel David Rigmaiden
                      Agency # 10966111
                      CCA-CADC
                      PO Box 6300
                      Florence, AZ 85132

                      *Pro Se, Defendant-Appellant*

## Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3276 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using OpenOffice 3.0.1 in 14pt Times New Roman font.

| | |
|---|---|
| DANIEL DAVID RIGMAIDEN, Pro Se Appellant: | PHILIP SEPLOW, Shadow Counsel / e-filer, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Appellant: |
| s/ Daniel Rigmaiden<br>Daniel Rigmaiden | s/ Philip Seplow<br>Philip Seplow<br>Shadow Counsel for Defendant in Trial Court. |

**Table of Contents**

I. INTRODUCTION..................................................................................................1

II. FACTS...............................................................................................................3

    A. General background information..................................................................3

    B. Facts overlooked by the panel acting to distinguish the case from *Andersen* and supporting a favorable application of *DiBella*......................................................5

III. ARGUMENT....................................................................................................7

    A. The panel's application of *DiBella* is misplaced.....................................7

    B. The panel's application of *Andersen* is misplaced..................................11

IV. CONCLUSION................................................................................................13

## Table of Citations

Andersen v. United States,
298 F.3d 804 (9th Cir. 2002)..................................................................1, 2

Carroll v. United States,
354 U.S. 394 (1957)......................................................................................7

DeMassa v. Nunez,
747 F.2d 1283 (9th Cir. 1984)..................................................................7, 8

DiBella v. United States,
369 U.S. 121 (1962).................................................................................2, 7

Freedman v. United States,
421 F.2d 1293 (9th Cir. 1970)................................................................2, 13

J.B. Manning Corp. v. United States,
86 F.2d 926 (9th Cir. 1996)...................................................................2, 12

News Co. v. United States,
690 F.2d 569 (6th Cir. 1982)........................................................................8

United States v. Celata,
334 Fed. Appx. 801 (9th Cir. 2009).............................................................8

United States v. Collins,
No. 11-CR-00471-DLJ (PSG), Doc. #237 (N.D.Cal., Mar. 16, 2012)........8

United States v. Collins,
No. 11-CR-00471-DLJ (PSG), Doc. #328 (N.D.Cal., Aug. 27, 2012).........4

United States v. Freedman,
444 F.2d 1387 (9th Cir. 1971)..............................................................2, 13

United States v. Fu-Tain Lu,
No. CR-09-00341 RMW, Doc. No. 112 (N.D.Cal., Sept. 16, 2010).......8, 9

United States v. Griffin,
617 F.2d 1342 (9th Cir. 1980)...................................................................10

United States v. Kaczynski,
416 F.3d 971 (9th Cir. 2005)........................................................................8

<u>United States v. Ryan</u>,
402 U.S. 530 (1971)..................................................................................................10

<u>Vonder Ahe v. Howland</u>,
508 F.2d 364 (9th Cir. 1974).................................................................................2, 13

<u>Federal Rules Criminal Procedure</u>,
Rule 41.......................................................................................................................1

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>Daniel David Rigmaiden,<br><br>    Defendant-Appellant. | No. 13-10254<br><br>D.C. No. 2:08-cr-00814-DGC-1<br>District of Arizona,<br>Phoenix |

### I.    INTRODUCTION

Appellant, Daniel David Rigmaiden, *pro se* with shadow counsel, Philip Seplow, as e-filer, respectfully submits *Petition For Rehearing En Banc In Conjunction With Petition For Panel Rehearing*. On November 19, 2013, the Court issued an Order dismissing Appellant's interlocutory appeal of the district court's denial of his effective motion for return of property[1] for lack of jurisdiction. *See* attached the November 19, 2013 Order dismissing the appeal.

Appellant requests rehearing *en banc* and a panel rehearing because (1) the

---

1.    While Appellant's motion was captioned to request that the government be ordered to destroy out-of-scope digital data it has been hoarding for five years, it can still be construed by this Court as a motion for the return of property under Rule 41(g). *See* Andersen v. United States, 298 F.3d 804, 807 (9th Cir. 2002) (despite caption "we construe their motion as one properly brought under that rule").

panel decision conflicts with other decisions of the Ninth Circuit[2] and of the Supreme Court,[3] and (2) the panel overlooked key factual findings made by the district court distinguishing the case from *Andersen*. Consideration of the full Court is therefore necessary to secure and maintain uniformity of the Court's decisions. The case conflicts are argued in Section III(A) and (B), *infra*. In summary, the panel incorrectly relied upon DiBella v. United States, 369 U.S. 121 (1962) and Andersen v. United States, 298 F.3d 804 (9th Cir. 2002) to deny jurisdiction. Contrary to the panel's decision, *DiBella* and *Andersen* require that the Court exercise jurisdiction. In *Andersen*, which applies *DiBella*, the Court found that "Plaintiffs fail both parts of the *DiBella's* test, and they therefore cannot establish the exception to the general rule that motions like theirs are unappealable." Unlike in *Andersen*, the facts overlooked by the panel in the instant case establish that Appellant passes the *DiBella* test: (1) Appellant only seeks the return of property, and (2) the district court made factual findings establishing that the property sought to be returned is **not** tied to the underlying prosecution and investigation or tied to any other prosecution or investigation. *See* ¶¶ Nos. 1-3 in Section II(B), *infra*. Further legal argument is contained in Section III, *infra*.

---

2. *See* Andersen v. United States, 298 F.3d 804 (9th Cir. 2002), J.B. Manning Corp. v. United States, 86 F.2d 926 (9th Cir. 1996); Freedman v. United States, 421 F.2d 1293 (9th Cir. 1970); United States v. Freedman, 444 F.2d 1387 (9th Cir. 1971); and Vonder Ahe v. Howland, 508 F.2d 364 (9th Cir. 1974).

3. *See* DiBella v. United States, 369 U.S. 121 (1962).

## II. FACTS

### A. General background information.

On August 3-4, 2008, the government used two warrants to physically seize various digital data storage devices belonging to Appellant. The majority of the devices were kept at Appellant's home while one device was kept at Appellant's storage unit. The data storage devices contain Appellant's personal, private, and privileged data. The warrants executed by the government expressly incorporate the "Computer Search Protocol For The Northern District Of California." *See* EXHIBIT 01. Among other terms not relevant here, the warrants required the government to (1) seize/isolate all in-scope data from out-of-scope data no later than 30 days after the physical seizure of the devices, and (2) delete/destroy all out-of-scope data and copies of out-of-scope data no later than 90 days after the physical seizure of the devices. *See id*. IRS-CI Agent Tracy L. Daun completed the data seizure/isolation process 401 days after the physical seizure of the devices. IRS-CI Agent Daun completed this process by (1) making mirror images of each seized data storage device, (2) searching the mirror images by viewing each file using her human eyes, and (3) saving isolated in-scope files to a series of DVDs and a CD. The DVDs and the CD became the digital evidence seized under the warrants. **The noted DVDs and CDs containing the seized in-scope evidence are not at issue in this appeal**.

The government failed to comply with the warrants' terms requiring that all out-of-scope data in its possession be deleted/destroyed. *See id*. The government has articulated no reason in the district court as to why it needs to retain out-of-scope data and it has made no requests to the issuing magistrates for permission to retain out-of-scope data. No extensions of time for *any* of the warrants' deadlines were sought from the issuing magistrates. The government has been in possession of Appellant's private out-of-scope data for more than **5 years** with no conditions in place limiting indiscriminate review of that data. The government has not declared that it has no right to view the mirror images which contain mostly out-of-scope data.[4]

In the district court, Appellant filed *Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #847) and later supplemented the motion with *First Supplement To Motion For Order Requiring Government To Comply With Data Deletion Requirements Of N.D.Cal. 08-70460-HRL/PVT, 08-70503-PVT, AND 08-70502-PVT Warrants* (D.C.-Dkt. #1013). While litigating the motion and supplement, the government made written admissions and the district court made factual findings indicating that the property

---

4. *Compare* United States v. Collins, No. 11-CR-00471-DLJ (PSG), Doc. #328, p. 9-10 (N.D.Cal., Aug. 27, 2012) (government recognized that it has no right to view original data storage devices after forensic examination was complete and court ordered government to not view mirror images).

at issue (*i.e.*, the out-of-scope data) is entirely untied from the underlying criminal prosecution. *See* Section II(B), *infra*. The district court denied Appellant's motion via its May 8, 2013 order at D.C.-Dkt. #1009. Appellant only appeals the portion of the order denying Dkt. #847 and #1013.

> **B. Facts overlooked by the panel acting to distinguish the case from *Andersen* and supporting a favorable application of *DiBella*.**

Before issuing its order, the panel overlooked the following admissions made by the government and factual findings made by the district court acting to establish this Court's jurisdiction over Appellant's interlocutory appeal:

1. The seized digital data storage devices "actually contain many more files than those that fall within the parameters of the Search Warrant and its attachments."[5] This overlooked fact establishes that the government is currently in possession of data irrelevant to the underlying criminal prosecution.

2. "[T]he government represents that results of the search [of the data storage devices] related only to the charged offenses and were not shared with agents or agencies outside the prosecution in this case."[6] "Material found by the government on Defendant's computer [(*i.e.*, seized and saved to the noted DVDs and CD)] relates directly to the alleged tax-refund fraud[]" charged in the

---

5. D.C.-Dkt. #863-1, p. 36 ("Computer Forensic Report" by IRS-CI Agent Daun RE: search of data storage devices seized from Appellant's home and storage unit).

6. D.C.-Dkt. #1009 (court's factual finding), p. 50.

indictment.[7]  These overlooked facts establish (1) the in-scope data seized for use in the underlying prosecution only relates to the crimes being charged, and (2) the leftover out-of-scope data is irrelevant to the underlying prosecution.

      3.      "The ongoing examination [of drives containing both in-scope and out-of-scope data] has not resulted in: (1) any charges against defendant that do not relate to conduct or offenses set forth in the subject search warrants; or (2) any charges against defendant by any other jurisdiction."[8] "None of the subject computer searches have resulted in defendant, or any of his associates, being charged by any other jurisdiction or in any other case."[9] "This is not a case where the government engaged in a wide-ranging search for any possible kind of criminal activity."[10] These overlooked facts establish that the out-of-scope data examined by the government has not resulted in any other charges or investigations against anyone in any jurisdiction, *i.e.*, the government has no use for the out-of-scope data.

---

7.    D.C.-Dkt. #1009 (court's factual finding), p. 46.

8.    D.C.-Dkt. #986 (government claim), p. 4; *see also* D.C.-Dkt. #1009 (court's factual finding), p. 46 ("the government has not charged Defendant with new violations of law as a result of the search of his computer and storage devices").

9.    D.C.-Dkt. #935 (government claim), p. 4.

10.   D.C.-Dkt. #1009 (court's factual finding), p. 46.

### III. ARGUMENT

#### A. The panel's application of *DiBella* is misplaced.

The panel relying upon DiBella v. United States, 369 U.S. 121, 131-32 (1962) to dismiss Appellant's appeal is misplaced. To the contrary, *DiBella* establishes the Court's jurisdiction if analyzed in the context of the overlooked facts listed in ¶¶ Nos. 1-3, Section II, *supra*.

First, granting jurisdiction is supported by *DiBella* considering the motion made in the district court was solely for the return of property.[11] The Clerk of this Court previously noted that Appellant "appears to seek review only of that portion of the [district court's] order denying his 'motion for an order requiring the government to comply with data deletion requirements.'" *See* Doc. #05 (Aug. 16, 2013 Order).

Second, as established by the facts listed in Nos. 1-3 of Section II(B), *supra*, the district court made factual findings establishing that the out-of-scope data is in no way tied to **any** criminal prosecution or investigation. The *DiBella* court made clear that the property sought to be returned must be "in no way tied to a criminal ***prosecution***[,]" 369 U.S. at 131 (emphasis added), which is different from being in

---

11. *See* DeMassa v. Nunez, 747 F.2d 1283, 1286 (9th Cir. 1984) (one jurisdictional condition is that the motion be solely for the return of property) (*referencing* DiBella, 369 U.S. 121)); Carroll v. United States, 354 U.S. 394, 403-04 (1957) ("[U]nder certain conditions orders for the... return of illegally seized property are appealable at once,... perhaps where the emphasis is on the return of property rather than its suppression as evidence." (footnote omitted)).

no way tied to a criminal *proceeding*. Appellant's motion for return of property originated in a criminal *proceeding*, but it is still in no way tied to the *prosecution* and investigation related to that proceeding, or tied to **any** prosecution or investigation in any proceeding. *See* Section II(B), *supra*. Therefore, the issue Appellant appeals is "fairly severable from the context of a larger litigious process, an[d] [the] order denying the requested relief is immediately appealable." DeMassa, 747 F.2d at 1286.

Third, the panel overlooked the government's 5-year+ ongoing violation of the search warrants' requirement to destroy the out-of-scope data. The warrants require that out-of-scope data be destroyed in order to protect Appellant's Fourth Amendment privacy interests.[12] The district court agreed that the government violated the warrants in failing to destroy the out-of-scope data:

---

12. *See* United States v. Fu-Tain Lu, No. CR-09-00341 RMW, Doc. No. 112, p. 4 (N.D.Cal., Sept. 16, 2010) ("The government... should not be retaining images of files or documents that, in large part, do not contain information within the scope of the warrant."); United States v. Collins, No. 11-CR-00471-DLJ (PSG), Doc. #237, p. 12 (N.D.Cal., Mar. 16, 2012) ("[E]ven if the law ultimately permits the forfeiture of a given device..., the law does not permit the retention of data on that device that has not been shown or even alleged to have been an 'instrumentality' of the alleged crimes."); *see also* United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005) ("A defendant is indeed presumed to have a right to the return of his property once the property is no longer needed as evidence[.]"); News Co. v. United States, 690 F.2d 569, 577-78 (6th Cir. 1982) ("The government may not keep the copies purely for the sake of keeping them[.]" (*cited with approval in Kaczynski*)); United States v. Celata, 334 Fed. Appx. 801 (9th Cir. 2009) ("The government may not retain Celata's property indefinitely while pursuing an open-ended investigation.").

> Paragraph 5 goes on to state that within a reasonable period, "not to exceed sixty calendar days after completing the authorized search of a device" – so this could be up to 90 days after the device was first seized – the government must destroy "copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process[.]"... **If read more literally**, the phrase could mean ***all* data not responsive to the warrant must be deleted within 90 days of seizure**... **The Court finds the literal reading to be more reasonable** – the specific phrase used in the protocol is "any data" –
>
> D.C.-Dkt. #1009, p. 40 (emphasis added).

However, the district court then justified the government's violation based on the prosecutor's assertion that the agents were relying in good-faith on how courts in the N.D.Cal. purportedly interpret and apply the data deletion requirement:

> [T]he Court cannot conclude that the interpretation applied in the Northern District of California, where the protocol was created and applies, is wholly unreasonable. Nor can the Court conclude that government agents in Arizona should have known that the Northern District interpretation was so unreasonable as to be incorrect as a matter of law...
>
> D.C.-Dkt. #1009, p. 40-41.

As an initial matter, the government was lying when it said the N.D.Cal. interprets the data deletion requirement to mean that data does not need to be deleted. Aside from common sense—the same common sense noted by the Arizona district court judge in its Order—courts in the N.D.Cal. interpret the data deletion requirement to mean that out-of-scope data needs to **literally** be deleted. *See*, *e.g.*, United States v. Fu-Tain Lu, No. CR-09-00341 RMW, Doc. No. 112, p. 4 (N.D.Cal., Sept. 16,

- 9 -

2010) ("The government... should not be retaining images of files or documents that, in large part, do not contain information within the scope of the warrant."). However, even if good-faith were applicable, it still does not permit the government to continue violating the data deletion requirement indefinitely. The good-faith exception only justifies past violations of a warrant, not future. Appellant's rights are now being violated on a **perpetual basis** and with each passing day he is subject to further privacy violations. Once the district court put the government on notice that it violated the data deletion requirements, good-faith no longer applied and the government was required to immediately destroy the data. These perpetual violations have been ongoing for more than 5 years and "the rights involved in the [district court's] decision would be lost, probably irreparably, if appellate review [i]s postponed until final judgment." United States v. Griffin, 617 F.2d 1342, 1344 (9th Cir. 1980) (citation and internal quotation marks omitted).

Fourth, after final judgment, Appellant will likely have no procedural avenue to challenge the government's indefinite possession of his personal, private, and privileged out-of-scope data.[13] If Appellant is acquitted, there will be no need for him to file an appeal and thus no opportunity to even request, let alone be granted,

---

13. "Denial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." United States v. Ryan, 402 U.S. 530, 533 (1971).

review of the district court's order. If Appellant is found guilty and does appeal, there will be no grounds for this Court to grant review of the herein described issue considering the government's retention of out-of-scope data has not prejudiced Appellant's defense. Any chance of prejudice was eliminated after the government agreed to not use any out-of-scope data as evidence against Appellant. *See* Section II(B), *supra*. Furthermore, regardless of whether Appellant is acquitted or convicted, he will be unable to later file a motion for return of out-of-scope data in either the District of Arizona or Northern District of California. The motion subject to this appeal is, effectively, his motion for return of property. Therefore, Appellant's effective motion for return of property was already filed in the District of Arizona and denied by that court. Appellant cannot later take a second bite at the apple.

### B. The panel's application of *Andersen* is misplaced.

The panel citing Andersen v. United States, 289 F.3d 804, 807-08 (9th Cir. 2002) in support of dismissing Appellant's appeal is also misplaced. In *Andersen*, the Court denied jurisdiction because "Plaintiffs' motion seeks the return of the seized property but **also asks for significant additional relief**. And, there is an **ongoing criminal investigation** that targets Plaintiffs." *Id.* at 808 (emphasis added).[14] Unlike in Andersen, Appellant in the instant case *only* seeks the return

---

14. In *Andersen*, "Plaintiffs seek to enjoin the IRS from conducting any further searches or seizures." *Id*. In the instant case, Appellant makes no such request. In

of property (*i.e.*, out-of-scope digital data) of which the district court found to be entirely useless to the government for prosecution and investigation purposes. *See* Section II(B), *supra*. Therefore, *Andersen* is inopposite and Appellant passes the *DiBella* test.

Contrary to *Andersen*, Appellant's motion only seeks to prevent the government's continual possession of original out-of-scope data and copies of out-of-scope data of which it has absolutely no use for. The relief requested by Appellant is nearly identical to the relief granted by this Court in *J.B. Manning Corp.*:

> Manning seeks return of documents.... Unless it is unreasonable to do so, the government should return all original documents to the Mannings, while copying for itself documents necessary for investigation or prosecution.
>
> J.B. Manning Corp. v. United States, 86 F.2d 926, 928 (9th Cir. 1996).

Just like in *J.B. Manning Corp.*, Appellant has no challenge to the government "copying for itself [][data] necessary for investigation or prosecution." *Id*. The only difference when comparing *J.B. Manning Corp.* to the instant case is that Appellant wants the government to delete/destroy the originals and copies of out-of-scope data in its possession rather than return them. However, the government

---

*Andersen*, Plaintiffs "seek to enjoin the IRS from using the material that already was seized." *Id*. In the instant case, Plaintiff does not seek to prevent the IRS from using the in-scope data it seized to the CD and series of DVDs.

- 12 -

could also return all out-of-scope data which would allow Appellant to destroy the data on his own.

Just as was reasoned in *Freedman*, Appellant only seeks return of property "which, per se, has no perceivable relation to the indictment under which [] [Appellant] was arrested." Freedman v. United States, 421 F.2d 1293, 1295 (9th Cir. 1970).[15] However, Appellant's argument is even stronger than Freedman's considering the property sought to be returned has no perceivable relation to ***any*** government interest. *See* Section II(B), *supra*. Just like in *Vonder Ah*e, "justice can best be achieved by reversing the order of the District Court..., directing the District Court to [][order return of out-of-scope property] except as to the [][in-scope evidence], copies of which the government may retain and use subject, however, to any and all objections thereto... in any proceeding, civil or criminal..." Vonder Ahe v. Howland, 508 F.2d 364, 372 (9th Cir. 1974).

### IV. CONCLUSION

For the reasons stated herein, Appellant respectfully requests that rehearing *en banc* and panel rehearing be granted.

///

---

15. "In the hearing on the remand from the previous [Freedman] appeal, the government agreed to a return of all of the properties, with the exception of the [] [in-scope evidence] which it considered relevant as evidence in the criminal case." United States v. Freedman, 444 F.2d 1387, 1388 (9th Cir. 1971).

Respectfully Submitted: June 5, 2013

| | |
|---|---|
| DANIEL DAVID RIGMAIDEN,<br>Pro Se Appellant: | PHILIP SEPLOW, Shadow Counsel, on behalf of DANIEL DAVID RIGMAIDEN, Pro Se Appellant: |
| s/ Daniel Rigmaiden<br>Daniel Rigmaiden | s/ Philip Seplow<br>Philip Seplow<br><sub>Shadow Counsel for Defendant in Trial Court.</sub> |

CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the
Appellate CM/ECF System

  I hereby certify that on June 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

(1) AUSA Frederick A. Battista

  I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

(1) Daniel David Rigmaiden

          PHILIP SEPLOW, Shadow Counsel, on
          behalf of DANIEL DAVID
          RIGMAIDEN, Pro Se Appellant:


          <u>s/ Philip Seplow</u>
          Philip Seplow
          <small>Shadow Counsel for Defendant in Trial Court.</small>