# EXHIBIT 01

## ATTACHMENT C

## COMPUTER SEARCH PROTOCOL
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

1.  In executing this warrant, the government must begin by ascertaining whether all or part of a search of a device or media that stores data electronically (collectively, the "device") that is authorized by this warrant reasonably can be completed at the site within a reasonable time. If the search reasonably cannot be completed on site, the government will remove the device from the site only if authorized by law because removal is (1) necessary to preserve evidence, or (2) if the item is contraband, a forfeitable instrumentality of the crime, or fruit of crime.

2.  If the government determines that a reasonable search as authorized in this warrant cannot be completed at the site within a reasonable period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then completing the search of the mirror image off site (e.g., at a computer crime laboratory).

3.  The government may remove from the search location a device only if the device cannot be searched reasonably on site, or by mirror-imaging or otherwise duplicating its contents for off site examination – unless authorized by law to remove the device because (1) removing the device is necessary to preserve evidence, or (2) the device is contraband, a forfeitable instrumentality of the crime, or fruit of crime. The government also may remove from the site any related equipment (e.g., keyboards or printers) or documents (e.g., system operating or software manuals) that reasonably appear to be necessary to conduct an off-site search of a device in which data is stored electronically. The government may also remove and retain the device, equipment, or document if

1

the government determines that the information on the device is encrypted, until such reasonable time as it is determined that it does not contain any information that falls within the scope of the warrant.

4.   If the government removes a device or related equipment or documents from the place they were found in order to complete the search off-site, within ten (10) calendar days of the removal the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or documents.

5.   The government must complete an off-site search of a device that agents removed in order to search for evidence of crime as promptly as practicable and no later than thirty (30) calendar days after the initial execution of the warrant. Within thirty (30) calendar days after completing an off-site search of a device pursuant to this warrant, the government must return any device, as well as any related equipment or document that was removed from the site in order to complete the search, unless, under the law, the government may retain the device, equipment, or document (1) to preserve evidence, (2) because the device, equipment, or document is contraband, a forfeitable instrumentality of the crime, or fruit of crime, or (3) after reasonable efforts at decryption, the government requires additional time in order to attempt to defeat any encryption (the retention of any device, equipment or document for purposes of decryption may only occur for a period of sixty days from the date of seizure without further Order of the Court). Within a reasonable period, not to exceed sixty calendar days after completing the authorized search of a device, the government also must use reasonable efforts to destroy – and to delete from any devices or storage media or copies that it has retained or made – copies of any data that are outside the scope of the warrant but that were copied or accessed during the search process, unless, under the law, the government may retain

2

the copies (1) to preserve evidence, or (2) because the copies are contraband, a forfeitable instrumentality of the crime, or fruit of crime. The deadlines set forth in this paragraph may be extended by court order for good cause shown.

6. In conducting the search authorized by this warrant, whether on site or off site, the government must make all reasonable efforts to use methods and procedures that will locate and expose only those categories of files, documents, or other electronically stored information that are identified with particularity in the warrant while, to the extent reasonably practicable, minimizing exposure or examination of irrelevant, privileged, or confidential files.

7. The terms of this warrant do not limit or displace any person's right to file a motion for return of property under Fed. R. Crim. P. 41(g). Nor does the issuance of this warrant preclude any person with any interest in any seized item from asking the government to return the item or a copy of it.

8. The government must promptly notify the judge who authorized issuance of the search warrant (or, if that judge is unavailable, to the general duty judge) if a dispute arises about rights or interests in any seized or searched item – or any data contained in any searched or seized item – and that dispute cannot be resolved informally. The government must deliver a copy of this written notification to any person known to assert any such right or interest.

3